HoweiiL, J.
Plaintiffs allege that the New Orleans Delta Company, composed of H. J. Leovy, D. Daponte and P. E. Bonford, of New Orleans, is indebted to them in the amount of three promissory notes, signed by said Leovy, as the Business Manager, drawn to his own order, and endorsed by him and the other two members, and duly protested; that the said defendants are absentees; that they have no known agents in the State; that no curator has been appointed for the administration-of their property, and that they have property in New Orleans, out of which their claim can be satisfied. They pray that a curator ad hoc be appointed to defend said absentees in this suit, and for judgment against them in solido.
Martin Blache, Esq., appointed curator ad hoc, excepted to the jurisdiction of the Court, on the ground that no property of the defendants had been attached, and no personal service made. This exception was maintained in the lower Court, and on appeal the judgment was affirmed by this Court. A rehearing was granted, and plaintiffs’ counsel strenuously contends that, under the express provisions of our law, an absentee, having property .in the jurisdiction, .may be brought into Court by a curator acl hoc without attaching his property, and in support of this position he relies on Article 57 C. 0., and Articles 116, 195 and 964, C. P.
Article 57, C. C., in the chapter treating of the curatorship of absentees, provides that, “if a suit be instituted against an absentee, who has no known agent in the State, or for the administration of whose property no curator has' been appointed, the Judge before whom the suit is pending, shall appoint a curator ad hoc to defend the absentee in the suit.”
Article 116. C. P., in the chapter treating of the persons “against whom actions may be brought,” declares that, “if the minor, whether under or above the age of puberty, against whom one intends to institute a suit, has no tutor nor curator ad litis, the plaintiff must demand that a curator ad hoc be named to defend the suit. The same course must he pursued, if the person intended to he sued he absent, and not represented in the State.”
Article 195, in the section treating “of petition and citation,” provides that, “if the minors, the interdicted, or absent persons against whom the suit is brought, had no tutor or curator, and the plaintiff has had a special curator appointed to defend them in this suit, the service must be made on that curator in person, or at his domicile. ”
Article 964, in the section treating “ of the appointment of tutors and curators of minors, interdicted and absent persons,” declares that “the above provisions ” (prescribing the rules for the appointment by the *38 Probate Court of such tutors and curators) “shall not be so construed as to prevent persons having claims against a minor, or a person absent, from pursuing the same previous to a curator or tutor having been appointed as above prescribed ; but in such cases, the person claiming must, in his petition, pray the Court to which it is addressed, to appoint a tutor or curator ad hoc to defend the minor or absent person in the action.”
Those articles are plain, and, as said in the case of Dupuy v. Hunt, 2 A. 562, they “presuppose that the absentee has property in the State, which, of itself, would give a court jurisdiction,” and, in our opinion, piovide the mode in which a creditor may enforce his right in a case where an administration by a tutor or curator has not been ordered, as provided for in the codes, on the principle that the omission to have the property or estate administered in due form, shall not prevent a creditor from making the property liable for his claim.
We understand that all these articles must be taken together, and construed with reference to the subject-matter treated of in those portions of the codes in which they are found, and that they provide that where there may be a curatorship or tutorship, but none has been obtained or demanded by any one entitled to it, a creditor may have a tutor or curator ad hoc appointed to represent his debtor in the particular suit, which is in effect a special tutorship or curatorship pro hoc vice.
The process of attachment is one mode by which a creditor may pursue iu the cases specified by the law, but is not exclusive. There may be oases of absent debtors, where the creditor may not be able to take the oath or give the bond, and yet have a remedy, as provided in these articles, by which he can have his debtor served in the person of a substitute or representative in law. In the case of Dupuy v. Hunt, cited above, this Court recognized three contingencies, in which a curator ad hoc may be appointed: “ If the absentee leaves his properly without an administrator or agent, if it be attacked at the suit of a creditor, or if the absentee becomes a necessary party to a suit between other persons lawfully iu Court, in the furtherance of justice the law authorizes a curator ad hoc to represent him. There is then, something on which the jurisdiction of the Court is based, and the judgment rendered would be within the recognized and ordinary prerogatives of the judicial power.” This case may be classed in the first category.
Under this view of the law, and the allegation in plaintiffs’ petition, that the debtors, who are absent and not represented, have property in the jurisdiction of the Court, we think a proper case is presented, for the appointment of a curator ad hoc, and that service upon him is sufficient.
No question is raised as to whether there should be a curator to each absentee, the allegation being that the three composed a newspaper company, and the notes sued on and endorsed by them were given for paper furnished to them. It should also be remarked that the suit was brought in the Court vested with probate jurisdiction.
¥e think our conclusion conflicts in no manner with the doctrine established or enunciated with others, in the case of Dupuy v. Hunt, upon which the curator ad hoc relies for sustaining his exception.
In that case Hunt, the defendant, was a resident of Mississippi, and *39 the property in reference to which the controversy arose, was alleged to he in his possession. There was nothing upon which the jurisdiction of the Court could be based. Here the allegations of the petition (which for the purposes of the exception are taken as true) show that there is property, which plaintiffs, through a curator ad hoe, can subject to their claim. In that ease the, point decided was, that a Court in Louisiana could not render a judgment against a resident of another State or country, who was never in the State, had no property in it,' and was entirely unconnected with a pending or possible litigation, by the appointment of u curator ad hoo to represent him, in which decision we concur. Nor can the decisions in the other oases quoted be considered antagonistic with the ruling here recognized.
We think the provisions of law under our consideration are plain and positive, and that the doctrine, sometimes broadly stated, that a party can be brought into Court only by his property, or by legal service of citation, must be understood as subject, in certain circumstances, to their operation, and that in the contingency provided for by them an attachment of the iH'operty is not essential. The law does not say that creditors in such cases, shall resort to the attachment process, and have property attached in order to prosecute their claims.
It is therefore ordered that the decree heretofore rendered by us be set aside, and it is now ordered that the judgment appealed from be reversed, that the exception be overruled, and the case remanded to be proceeded in according to law. The defendants and appellees to pay the costs of appeal.